

99 PARK AVENUE   NEW YORK, NY 10016-1601
TEL: (212) 286-8585   FAX: (212) 490-8966
WWW.HPMB.COM

**Darshan I. Patel**
Partner
dpatel@hpmb.com

April 28, 2021

**VIA ECF**

Honorable Judge Sarah Netburn
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Courtroom 219
New York, NY 10007

Re:   **Tirado/Castelle v. City of New York, et al.**
       Index No.:       19-cv-10377-LAK-SN
       Our File No.:   611-3290

Dear Judge Netburn:

    Our law firm represents the Defendants in the above-referenced matter.  Defendants file this letter in response to plaintiff's application, dated April 27, 2021.  (ECF # 122)  Defendants take issue with many of the characterizations set forth in plaintiff's letter but, in the interest of brevity, we will only address the salient points as to the current status of discovery.  With respect to ECF 123, the undersigned has a deposition on another matter on April 30, 2021 and respectfully requests that the conference be moved to May 4, 2021, if possible.

    At the onset, we respectfully join in plaintiff's application for a brief extension to complete discovery.  We apologize for the delay but respectfully submit that we are acting diligently to complete discovery expeditiously.

    The undersigned will meet with CO DaCruz on April 29, 2021 – tomorrow - and the other non-party correction officer on May 3, 2021.  At that time, I will have opportunity to obtain firm dates for their deposition.  To date, we have not obtained firm dates due to current staffing situation at DOC and uncertainty as to the officer's work schedule.  That said, I anticipate that the officers' depositions will be completed shortly, at the very latest, within the next couple of weeks.

    Correctional Health Services has identified a physician for plaintiff's 30(b)(6) deposition notice.  I have not met or been in contact with him yet and do not know his general availability.  That said, I do not anticipate any undue delays and believe that we can also complete this physician's deposition shortly within the within the next couple of weeks.

2350689.1

HEIDELL, PITTONI, MURPHY & BACH, LLP
NEW YORK | CONNECTICUT | WESTCHESTER | LONG ISLAND

Honorable Justice Sarah Netburn
Re: Tirado/Castelle v. City of New York, et al.
April 28, 2021
Page - 2 -



     At this time, we are not presently aware of any written guidelines with respect to eligibility requirements for Methadone for new inmates at Rikers in 2016. PA Quentz testified extensively as to the policy, but plaintiff apparently is not satisfied with his testimony. As set forth above, we will produce a 30(b)(6) to testify on that issue.

     We provided plaintiff's attorney protocols with respect to Librium administration that were issued in 2015 and subsequently revised in 2017. The incident at issue took place in November, 2016. Today, we provided plaintiff's attorney with a copy of the protocols that were originally issued in 2015 prior to their first revision. They are identical in sum and substance to the protocols that we provided months ago.

     The characterization of the M & M findings in ECF #122 is misleading. The conclusion of the investigation that the inmate did not meet the criteria for methadone maintenance and may not have required Librium detoxification was not based upon the implied suggestion in the letter that those medications would not be beneficial or were potentially harmful to decedent. In the recommended "Action" section of the findings, it is evident that CHS deemed its eligibility requirements to be too restrictive, "over-cautious" and should also cover inmates such as decedent who "use a significant amount of *** or methadone in the community, and who are also ****dependent, and allow providers to use regular dose of methadone detox couple with Librium detox protocol."

     In other words, the investigators found that, from a medical standpoint, it was entirely appropriate and not harmful to administer Methadone and Librium to decedent at intake, findings that mirror or are consistent with those reached by the Department of Corrections, New York State and the Medical Examiner's Office in their respective investigation of this case.

     We have provided plaintiff's attorney the M & M findings of the few cases where inmates at Rikers passed away while on Methadone and Librium. Not a single investigation, including that involving "A.W." in 2013, found that these inmates were improperly cared for from a Methadone and Librium standpoint or that those medications caused or contributed to the final outcome in any respect. One investigation found that medical caregivers "should be more willing to prescribe methadone detox at higher dosages and/or longer tapers and should rely less on KEEP [Key Extended Entry Program] counselors for methadone prescribing advice."

Case 1:19-cv-10377-LAK-SN   Document 124   Filed 04/28/21   Page 3 of 3

Honorable Justice Sarah Netburn
Re:  Tirado/Castelle v. City of New York, et al.
April 28, 2021
Page - 3 -



    The review, tagging, redaction, etc of the emails relating to Mr. Castelle, Librium and Methadone in this case is time consuming and still ongoing.  We respectfully request the Court provide us with at least two more weeks for production, though we are hopeful that we can provide them sooner.

                                        Respectfully submitted,

                                        Darshan I. Patel

DIP/amb

cc:    **<u>VIA ECF</u>** - ***All Parties***

2350689.1